# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIELLE JANAE CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-127 |
| | ) | Judge Schwab |
| | ) | Magistrate Judge Bissoon |
| COUNTY OF ALLEGHENY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss filed by Defendants (Doc. 34) be granted in part and denied in part, without prejudice to Plaintiff's right to amend her Complaint to identify the actions taken (if any) by Defendants Boozel, Brunick and Mangis.

### II. REPORT

Plaintiff, Danielle Janae Campbell, was arrested and taken to the Allegheny County Jail at about 3:00 a.m. on January 30, 2009. Plaintiff alleges that she is bi-polar, and that she suffers from panic disorder and agoraphobia (Doc. 2, p. 1). Plaintiff was also intoxicated when arrested, and she concedes that she became "belligerent" when she was not given her own cell (Id.). When unnamed "guards" called her names, Plaintiff "had a few choice words" to offer in response. Plaintiff alleges that she was then placed in a restraint chair, at which point she was "not a danger to anyone and unable to move," but that Defendant Slaby nonetheless "used an entire can of mace" on Plaintiff and left her in a cell without any means of removing the mace

(Id.). Plaintiff later worked free of the restraints in an attempt to use a sink, and an unidentified guard tightened the straps so hard that it caused abrasions on Plaintiff's armpits and legs (Id.).

Plaintiff seeks relief pursuant to the Civil Rights Act, 42 U.S.C. § 1983. She asserts that Defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment by placing her in a restraint chair and then using mace on her. Plaintiff also alleges that she was denied Equal Protection of the laws pursuant to the Fourteenth Amendment because "not everyone brought in [to the jail] was subjected to being sprayed with mace." (Doc. 2, p. 3). Finally, Plaintiff alleges that Defendants retaliated against her for her exercise of her First Amendment rights (Id.). Defendants move to dismiss (Doc. 34) and Plaintiff has responded (Doc. 39).

A. **Applicable Standard**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009).

B.   **Analysis.**

1.   **Count I - Excessive force.**

The Eighth Amendment protects prisoners against cruel and unusual punishment, but it does not protect an inmate against every minimal use of force. Smith v. Mensinger, 293 F.3d 641, 648 (3d Cir. 2002). Force is deemed legitimate in a custodial setting so long as it is applied "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)). A variety of factors are considered to determine if an application of force was applied maliciously and sadistically. These include: "the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Hudson v. McMillian, 503 U.S. 1, 7-8 (1992). Consideration of these factors permit the Court to make inferences concerning "whether the use of force could plausibly have been thought necessary" or whether the circumstances show "such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." Whitley, 475 U.S. at 321 (quoting Johnson, 481 F.2d at 1033).

In this case, Plaintiff has alleged facts which, if believed, would permit a jury to conclude that there was no need for any use of force once she had been placed in restraints, and that the use of mace at that point was both entirely unnecessary, and excessive in the amount used (Plaintiff alleges that an entire can was used on her). Plaintiff's further allegations of the taunting she experienced, considered along with the allegedly unnecessary and excessive use of mace after she had already been restrained, makes out a facially plausible Eighth Amendment

claim because a jury could infer that the use of mace was done maliciously and sadistically to cause harm.

Defendants also note that, other than the allegation that Defendant Slaby sprayed the mace, no specific allegations are made against any other named Defendant. Plaintiff has not identified any actions taken by Defendants Mangis, Boozel or Brunick, and the motion to dismiss should be granted with respect to these Defendants.

If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Plaintiff should be permitted to amend her complaint to allege what actions (if any) were taken by Defendants Mangis, Boozel and Brunick.

### 2. **Equal Protection.**

The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). In order to state an equal protection claim, a plaintiff must show that: (1) the complaining person, compared with others similarly situated, was selectively treated; (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion; and (3) the defendant was motivated by an intent to punish or inhibit the exercise of the constitutional rights of a complaining party, or by a malicious or bad faith intent to injure the complaining party. Homan v. City of Reading, 963 F. Supp. 485, 490 (E.D. Pa. 1997) (citing Zahra v. Town of Southold, 48 F.3d 974 (2d Cir. 1995)); see also Government of the Virgin Islands v. Harrigan, 791 F.2d 34 (3d Cir. 1986). Plaintiff does not allege that anyone at the Jail on the night in question was "similarly situated" but treated better because she does not allege that any other arrestee was being "belligerent" at that time. Further, Plaintiff has not

alleged that Defendants acted on the basis of any impermissible consideration. Plaintiff has not alleged a facially plausible Equal Protection claim, and the motion to dismiss should be granted in this respect, without prejudice to Plaintiff's right to amend her Complaint.

### 3. Retaliation for First Amendment speech.

Plaintiff next alleges that Defendants violated her rights by retaliating against her for her opinions in violation of the First Amendment. "Government actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000); Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). In order to state a *prima facie* case of retaliation, a prisoner must demonstrate:

> 1) the conduct in which he was engaged was constitutionally protected;
>
> 2) he suffered "adverse action" at the hands of prison officials; and
>
> 3) his constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him.

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002) quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

In this case, Plaintiff concedes that she was acting in a belligerent fashion towards jail guards, and that she reacted to their insults by responding with "choice words" of her own. An admittedly belligerent verbal confrontation with jail guards is not protected speech. Lockett v. Suardini, 526 F.3d 866, 874 (6th Cir. 2008) (prisoner's act of calling hearing officer a "foul and corrupted bitch" not protected speech); Smith v. Mosley, 532 F.3d 1270, 1277 (11th Cir. 2008) (prisoner's "false and insubordinate remarks" not protected speech); Garrido v. Coughlin, 716 F.Supp. 98, 99-101 (S.D.N.Y. 1989) ("verbal confrontation" with officers over their treatment of another inmate not protected conduct); Riggs v. Miller, 480 F.Supp. 799, 804 (E.D.Va.1979)

("bickering, argumentative conversation" not "constitutionally protected speech"); Durkin v. Taylor, 444 F.Supp. 879, 881-83 (E.D.Va. 1977) (statement that "I am tired of chickenshit rules" not protected speech). Plaintiff does not state a facially plausible claim of retaliation because she has not alleged that she was engaged in constitutionally protected activity. The motion to dismiss should be granted in this respect without prejudice to Plaintiff's right to amend her Complaint.

    **4.** **Supervisory liability – Warden Rustin.**

Defendant Rustin moves to dismiss on the basis that Plaintiff does not allege his personal involvement in the incident. Supervisory liability may not be premised solely upon a theory of *respondeat superior.* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). Rather, some personal involvement of the supervising official must be alleged. Id. Supervisory liability for Section 1983 violations can be established by evidence showing that officials: (1) participated in violating a plaintiff's rights; (2) directed others to violate a plaintiff's rights; (3) knew of, and acquiesced in, their subordinates' violation of a plaintiff's rights; or (4) knew of, and tolerated, past or ongoing misbehavior. Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir.1995).

Here, Plaintiff fails to allege any facts that would permit a finding of supervisory liability with respect to Defendant Rustin. Defendant Rustin should be dismissed from this lawsuit, without prejudice to Plaintiff's right to amend her Complaint.

### III. CONCLUSION

It is respectfully recommended that the Motion to Dismiss filed by Defendants Rustin and Paige (Doc. 42) be granted in part and denied in part as stated above. Plaintiff should be granted leave to amend her Complaint to attempt to cure the deficiencies identified above.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules for Magistrates, objections to this Report and Recommendation are due by August 25, 2010. Failure to timely file objections may constitute a waiver of any appellate rights.

Date: August 11, 2010

<u>s/Cathy Bissoon</u>
CATHY BISSOON
UNITED STATE MAGISTRATE JUDGE

**Cc:**
 DANIELLE JANAE CAMPBELL
3031 Wachter Avenue
Lower Burrell, PA 15068